**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER AYENI, M.D. P.A.,
a Florida Corporation, and
CHRISTOPHER AYENI, M.D.,

     Plaintiffs,

v.

                               Case No. 2:23-cv-00618-MIS-DLM

VERIZON WIRELESS, LLC, and
BANK OF AMERICA, N.A.,

     Defendants.

**ORDER GRANTING IN PART BANK OF AMERICA, N.A.'S MOTION TO DISMISS**
**FOR FORUM NON CONVENIENS OR TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

     THIS MATTER is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss for Forum Non Conveniens or Transfer Venue under 28 U.S.C. § 1404(a), filed October 12, 2023.  ECF No. 27 ("Motion to Dismiss or Transfer").  Plaintiffs Christopher Ayeni, M.D., P.A. and Christopher Ayeni, M.D. (collectively, "Plaintiffs"), filed a Response on November 9, 2023, ECF No. 33, to which Bank of America filed a Reply on November 21, 2023, ECF No. 35. Upon review of the Parties' submissions, the record, and the relevant law, the Court **GRANTS** the Motion in part and **TRANSFERS** this case to the United States District Court for the Southern District of Texas.

**I.     Background**

     Plaintiff Christopher Ayeni ("Ayeni") is the owner and President of corporate Plaintiff Christopher Ayeni, M.D., P.A. ("the Corporation"), a Florida Corporation.  ECF No. 17 ("Amended Complaint") ¶¶ 2-3.

On September 25, 2012, Ayeni, in his capacity as the Corporation's President, opened a business bank account for the Corporation ("Account 5409") at a Bank of America branch in Houston, Texas.  ECF No. 27-1, Decl. of Tom Jordan ("Jordan Decl.") ¶ 9.  The Business Signature Card for Account 5409—which Ayeni signed—provides, in relevant part:

> **By signing below, I/we acknowledge and agree** that this account is and will be governed by the terms and conditions set forth in the account opening documents for my/our account, as they are amended from time to time. The account opening documents include the Deposit Agreement and Disclosures and the Business Schedule of Fees.

ECF No. 27-1 at 16.  The Deposit Agreement and Disclosures in effect when Account 5409 was opened provided, in relevant part:

> **Jurisdiction and Venue**
>
> Any action or proceeding regarding your account or this deposit agreement must be brought in the state in which the banking center that maintains your account is located.  You submit to the personal jurisdiction of that state.

Id. at 43.

> **Governing Law**
>
> This Agreement, and your and our rights and obligations under this Agreement, are governed by and interpreted according to federal law and the law of the state where your account is located.  We ordinarily maintain your account at the banking center where we open your account.  However, we may transfer your account to another banking center in the same state or in a different state.  If state and federal law are inconsistent, or if state law is preempted by federal law, federal law governs.

Id. at 21.

The Deposit Agreement and Disclosures dated November 10, 2022, are currently in effect for Account 5409, and contain the following provisions:

> **Jurisdiction and Venue**
>
> Any action or proceeding regarding your account or this deposit agreement must be brought in the state in which the financial center that maintains your account is

located. You submit to the personal jurisdiction of that state. Note that any action or proceeding will be governed by and interpreted in accordance with the Governing Law section of this agreement. . . .

ECF No. 27-1 at 129.

**Governing Law**

This Agreement, and your and our rights and obligations under this Agreement, are governed by and interpreted according to federal law and the law of the state where your account is located. . . . We ordinarily maintain your account at the financial center where we open your account. However, we may transfer your account to another financial center in the same state or in a different state. If state and federal law are inconsistent, or if state law is preempted by federal law, federal law governs.

Id. at 59-60.

Defendant maintains Account 5409 at a financial center in Houston, Texas.  Jordan Decl. ¶ 10.  Defendant's records reflect a current address for the Corporation in Doral, Florida, id. ¶ 11, and a current address for Ayeni in Spring, Texas.  Id. ¶ 23.  Ayeni also owns a home in New Mexico.  ECF No. 17 ¶ 2.

According to the Amended Complaint, on March 20, 2023, Defendant Verizon Wireless, LLC ("Verizon") "allowed a criminal actor or actors to access, modify and change [Ayeni's] phone and wireless phone account so as to allow the criminal to access [Ayeni's] personal and private information . . . ."  Id. ¶ 8.  Between March 20 and 21, 2023, the criminals transferred $215,000 out of Account 5409.  See id. ¶¶ 11, 13-14; Jordan Decl. ¶¶ 20-21.

On June 20, 2023, Ayeni filed a Complaint in New Mexico state court against Verizon and Bank of America.  ECF No. 1-1 at 12-18.  On July 24, 2023, Bank of America removed the case to this Court.  ECF No. 1.  On July 27, 2023, Plaintiffs and Verizon filed a Joint Stipulation for Binding Arbitration and for a Stay of Civil Proceedings as to Verizon Only.  ECF No. 4.

3

On September 21, 2023, Plaintiffs filed the operative Amended Complaint alleging Negligence by Verizon (Count I), ECF No. 17 ¶¶ 20-27; Negligence by Bank of America (Count II), id. ¶¶ 28-33; and a violation of the Unfair Trade Practices Act[1] against Bank of America (Count III), id. ¶¶ 34-43.

On October 12, 2023, Bank of America (hereafter, "Defendant") filed the instant Motion to Dismiss or Transfer, ECF No. 27, and a separate Request for Judicial Notice in Support of Motion to Dismiss or Transfer, ECF No. 28.  Plaintiffs filed a Response to the Motion to Dismiss or Transfer (but not the Request for Judicial Notice), ECF No. 33, to which Defendant filed a Reply, ECF No. 35.

## II.     Legal Standard

"[F]orum selection clauses are frequently classified as either mandatory or permissive." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) (citations omitted). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."  Id. (internal quotation marks and citation omitted).  "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."  Id. (internal quotation marks and citation omitted).

A contractually valid mandatory forum selection clause is enforced by a motion to transfer pursuant to 28 U.S.C. § 1404(a)[2] or by a motion to dismiss for forum non conveniens.  Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 61 (2013).  When the forum

---

[1]      The Amended Complaint does not specify which state's Unfair Trade Practices Act Defendants allegedly violated.  See ECF No. 17 ¶¶ 34-43.

[2]      "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

selection clause specifies a different federal forum, transfer under Section 1404(a) is appropriate. Id. at 59.  When the forum selection clause specifies a state or foreign forum, dismissal for forum non conveniens is appropriate.  Id. at 60-61; Kelvion, Inc. v. PetroChina Can. Ltd., 918 F.3d 1088, 1091 (10th Cir. 2019) (citing Charles Alan Wright et al., 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed., Nov. 2018 update)).

"At the outset, a court must determine whether the forum-selection clause controls." Kelvion, 918 F.3d at 1091.  "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."  Atl. Marine, 571 U.S. at 63 (internal quotation marks and citation omitted).  If the forum selection clause is valid, "the plaintiff's choice of forum merits no weight" and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  Id.  "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."  Id. at 64.  A court may consider arguments regarding public interest factors, which "may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'"  Id. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).  However, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  Id.

## III.    Discussion

Defendant moves to dismiss for forum non conveniens or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a).  ECF No. 27.  Defendant further requests that the Court take

judicial notice of three items when considering the Motion to Dismiss or Transfer.  The Court will begin with the Request for Judicial Notice, and then address the Motion to Dismiss or Transfer.

### a.  Request for judicial notice

As an initial matter, Defendant requests that in considering the Motion to Dismiss or Transfer, the Court take judicial notice of the following:

1) A certified copy of the Corporation's Annual Report filed with the Florida Secretary of State on May 2, 2023, ECF No. 28 at 2 (citing ECF No. 28-1);

2) Statistics from the Federal Judicial Center's Tables C-1, C-5, last updated March 31, 2022, id. (citing https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables), and its table titled "U.S. District Courts Additional Authorized Judgeships," id. (citing https://www.uscourts.gov/judges-judgeships/authorized-judgeships); and

3) Plaintiffs' First Amended Complaint, filed at ECF No. 17, id.

Plaintiffs did not respond to the request.

Pursuant to Federal Rule of Evidence 201, a court may judicially notice an adjudicative fact "that is not subject to reasonable dispute because it: (**1**) is generally known within the trial court's territorial jurisdiction; or (**2**) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Adjudicative facts are simply the facts of the particular case."  United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

First, although Defendant requests that the Court take judicial notice of the Corporation's 2023 Annual Report, the Corporation's Annual Report is not itself an adjudicative fact.  The Motion to Dismiss or Transfer cites the Annual Report to establish that the Corporation's "current

6

principal place of business is 3705 Winners Court, Gotha, FL 34743."  ECF No. 27 at 13 n.6.

Thus, the Court construes Defendant's request as seeking judicial notice of the adjudicative fact

that the Corporation's principal place of business is in Florida.  To that end, the Court grants the

request.  See Bey v. SolarWorld Indus. Am., Inc., 904 F. Supp. 2d 1096, 1098 (D. Or. 2012)

(stating intention to take judicial notice of corporations' principal places of business from the

Oregon Secretary of State, Corporation Division's website).

The Court also takes judicial notice of the statistics from the Federal Judicial Center's

Tables C-1, C-5, last updated March 31, 2022, available at https://www.uscourts.gov/federal-

judicial-caseload-statistics-2022-tables, and its table titled "U.S. District Courts Additional

Authorized Judgeships," available at https://www.uscourts.gov/judges-judgeships/authorized-

judgeships.  See Smith v. Fricke, 635 F. Supp. 3d 152, 165 (N.D.N.Y. 2022) ("Pursuant to Rule

201, the Court may take judicial notice of statistics . . . from official government websites.")

(quotation marks and citations omitted).

However, the Court does not take judicial notice of the Amended Complaint because a

complaint is not itself an adjudicative fact, and it is unclear which (if any) allegations from the

Amended Complaint Defendant believes are not subject to reasonable dispute for purposes of Rule

201.

**b.  Motion to dismiss or transfer**

Defendant moves to enforce the forum selection clause in the Deposit Agreement and

Disclosures, "either by dismissing the action without prejudice under the forum non conveniens

doctrine if it interprets the clause to permit suit only in Texas state court, or by transferring the

action to the Southern District of Texas if determines that the clause permits suit in federal courts

located in Texas."  ECF No. 27 at 7.  It argues that the forum selection clause is mandatory, id. at

7

8-9; applies to Plaintiffs' claims, id. at 9-11 (citing Am. Dream Team, Inc. v. Citizens State Bank, 481 S.W.3d 725, 732 (Tex. App. 2015)); is enforceable despite Verizon's presence in this case, id. at 11-12 (citing Kelvion, 918 F.3d at 1093); is enforceable even though it was not negotiated, id. at 12 (citing Howes v. N.M. Dep't of Health, No. CIV 21-0263 JB/SCY, 2023 WL 1419832, at *22 (D.N.M. Jan. 31, 2023) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991))); cannot be defeated by inconvenience alone, id. at 12-13 (citing Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 958 (10th Cir. 1992)); and is not outweighed by the public interest factors, id. at 13-15.   Defendant argues that whether dismissal or transfer is appropriate depends on whether the Court interprets the forum selection clause to require litigation in state court, or whether it permits litigation in federal courts.   Id. at 15-16.

Plaintiffs argue that the forum selection clause is unenforceable because it is illusory and lacks mutual assent, ECF No. 33 at 5-9, and is unreasonable because (a) Ayeni "never received or saw" the forum selection clause, (b) Ayeni's domicile is in New Mexico, (c) Ayeni is an individual and Defendant is a large financial institution, and (d) New Mexico has a more favorable consumer protection statute than Texas, id. at 9-12.   They further argue that if the Court finds that the forum selection clause is invalid, the Court must consider the private interest factors in addition to the public interest factors, and those factors weigh in favor of Plaintiffs, id. at 12-14; and if the Court finds the forum selection clause to be valid, this Court is still the proper forum because (a) the forum selection clause is permissive, not mandatory, and (b) the relevant considerations weigh against transfer under Section 1404(a), id. at 15-19.

In its Reply, Defendant argues that failure to read a contract is not a ground for avoiding its terms, ECF No. 35 at 2-4; the at-issue clause is an enforceable "floating" forum selection clause, id. at 4-6; and the forum selection clause is not unreasonable under the circumstances because,

inter alia, (a) Ayeni's asserted lack of awareness of the clause is irrelevant, (b) Ayeni does not currently live in New Mexico, (c) the fact that Ayeni is an individual and Defendant is a large bank "does not show that it is any less convenient for Ayeni to pitch his fight against his larger opponent in Texas than it is in New Mexico[,]" and (d) due to the choice-of-law clause in the Deposit Agreement and Disclosures, the same law will apply to this case wherever it is litigated, id. at 6-8; the forum selection clause is mandatory, not permissive, id. at 8; and Plaintiffs have failed to establish that the balance of the public interest factors weighs in favor of litigating in New Mexico, id. at 9-10.

### 1.  The forum selection clause is mandatory

First, the Court will address whether the at-issue forum selection clause is mandatory or permissive.  Defendant argues that the forum selection clause is mandatory because it states that a case "must be brought in the state in which the financial center that maintains your account is located[,]" ECF No. 27 at 8 (quoting Jordan Decl. ¶¶ 13, 17, 34, 37, 40), and courts interpret the word "must" as mandatory, id. at 9 (citing Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386, 388-89 (1st Cir. 2001); Messmer v. Thor Motor Coach, Inc., CASE NO. 3:16-cv-1510-J-JBT, 2017 WL 933138, at *3 (M.D. Fla. Feb. 28, 2017)).

Plaintiffs argue that "the imprecision of the forum selection clause renders it permissive, as its indefinite language permits Defendant to unilaterally choose the forum by the mechanism of transfer." ECF No. 33 at 8-9; see also id. at 14-15.

In its Reply, Defendant argues that "[t]he fact that [Defendant] can change where it maintains an account does not in any way detract from the clause's insistence that an action 'must be brought' where the account is maintained."  ECF No. 35 at 8.  It argues that "there is nothing untoward in allowing one party . . . to change the 'mutable fact' which governs the choice of forum

under a 'floating' forum selection clause like the one in [the] Deposit Agreement." Id. (relying on

Lopez v. United Cap. Fund, LLC, 88 So.3d 421, 424-26 (Fla. Dist. Ct. App. 2012)).

The at-issue forum selection clause provides, in relevant part: "Any action or proceeding

regarding your account or this deposit agreement must be brought in the state in which the financial

center that maintains your account is located."   ECF No. 27-1 at 129 (Deposit Agreement and

Disclosures (Nov. 10, 2022) at 3) (emphasis added).   Forum selection clauses providing that an

action "must be brought" in a particular locale are mandatory.   Silva, 239 F.3d at 388-89 (holding

that a forum selection clause providing that an action "must be brought in the State of Illinois" was

a mandatory forum selection clause because "the word 'must' expresses the parties' intention to

make the courts of Illinois the exclusive forum for disputes arising under the contract"); Messmer,

2017 WL 933138, at *3 (finding that forum selection clause providing that an action "must be

brought within the State of Indiana" was a mandatory forum selection clause because "the term

'must,' like the term 'shall,' is language of requirement").

A forum selection clause that "designates the exclusive forum for all litigation regarding

the agreement which contains the clause by reference to mutable facts"—for example, the state

where a bank account is maintained, or the state in which a party's principal place of business is

located—"rather than designating a forum by immutable geographical place name," is known as a

"floating" forum selection clause.   Lopez, 88 So.3d at 425 (quoting Dale Joseph Gilsinger,

Enforceability of Floating Forum Selection Clauses, 39 A.L.R.6th 629, § 2 (2008)).   Floating

forum selection clauses that use mandatory language are deemed to be mandatory forum selection

clauses, even though the forum is subject to change.   See Lyon Fin. Servs., Inc. v. Will H. Hall &

Son Builders, Inc., No. Civ.04–4383 ADM/AJB, 2005 WL 503371, at *4 (D. Minn. Mar. 4, 2005)

(finding forum selection clause providing that "all legal actions relating to this Lease shall be

venued exclusively" in the state in which the lessor's principal offices are located, or if the lessor assigns the lease, the state in which the assignee's principal offices are located, to be a mandatory forum selection clause despite the fact that the forum state was subject to change if the lessor assigned the lease); <u>IFC Credit Corp. v. Rieker Shoe Corp.</u>, 881 N.E.2d 382, 391 (Ill. App. Ct. 2007) (same); <u>see also</u> <u>Gold Crown Resort Mktg. Inc. v. Phillpotts</u>, 272 So. 3d 789, 793 (Fla. Dist. Ct. App. 2019) (finding that forum selection clause providing "exclusive jurisdiction" in the courts of the "registered locale of the Affiliate" was a mandatory floating forum selection clause).  Thus, the fact that Defendant can change where the account is maintained does not affect the mandatory nature of the forum selection clause.  <u>See</u> <u>Lyon Fin. Servs.</u>, 2005 WL 503371, at *4; <u>Gold Crown</u>, 272 So. 3d at 793; <u>IFC Credit Corp.</u>, 881 N.E.2d at 391.

Accordingly, the Court finds that the forum selection clause is mandatory and this case "must be" litigated in Texas—the state in which the financial center that maintains Account 5409 is located—if (1) the forum selection clause is contractually valid and (2) litigation in Texas is supported by the public interest factors.

### 2.  The forum selection clause is contractually valid

Next, the Court considers whether the at-issue forum selection clause is contractually valid. <u>Kelvion</u>, 918 F.3d at 1091; <u>see also</u> <u>Atl. Marine</u>, 571 U.S. 62 n.6.

### A.  Mutual assent

Plaintiffs first argue that under New Mexico law, "[a]bsent evidence of a 'bargained-for exchange between the parties,' an agreement lacks consideration and is unenforceable."  ECF No. 33 at 5 (quoting <u>Piano v. Premier Distrib. Co.</u>, 107 P.3d 11, 14 (N.M. Ct. App. 2004)).  They also suggest that <u>Milk N' More, Inc. v. Beavert</u>, 963 F.2d 1342, 1346 (10th Cir. 1992), stands for the principal that a forum selection clause is obtained through overreaching if it is not explained at the

11

time of execution of the contract.  Id. at 7.  They argue that the forum selection clause is invalid for lack of mutual assent because "Plaintiffs never saw the referenced clauses and were never aware of them[,]" and Defendant never explained the forum selection clauses to Ayeni.  ECF No. 33 at 7.

Plaintiffs' argument "does not impact the enforceability of the [Deposit Agreement and Disclosures] and the forum selection clause, as 'failure to read a contract does not excuse a party from being bound by its terms.'"  Blackwell Enters., Inc. v. Henkels & McCoy, Inc., No. CIV–12–1242–D, 2013 WL 3771290, at *6 (W.D. Okla. July 16, 2013) (quoting De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, 792 F. Supp. 2d 812, 827 (E.D. Pa. 2011)).  See also In re Int'l Profit Assocs., Inc., 286 S.W.3d 921, 924 (Tex. 2009) ("[S]imply being unaware of a forum-selection clause does not make it invalid."); Ballard v. Chavez, 868 P.2d 646, 648 (N.M. 1994) ("[E]ach party to a contract has a duty to read and familiarize himself with the contents of the contract, each party generally is presumed to know the terms of the agreement, and each is ordinarily bound thereby.").  "Generally, a party who executes and enters into a written contract with another is presumed to know the terms of the agreement, and to have agreed to each of its provisions in the absence of fraud, misrepresentation or other wrongful act of the contracting party." Smith v. Price's Creameries, 650 P.2d 825, 829 (N.M. 1982).

Here, the record reflects—and Plaintiffs do not dispute—that on September 25, 2023, Ayeni opened Account 5409 and signed the Business Signature Card for Account 5409.  Jordan Decl. ¶ 9; Business Signature Card, ECF No. 27-1 at 16-17.  The Business Signature Card states:

> **By signing below, I/we acknowledge and agree** that this account is and will be governed by the terms and conditions set forth in the account opening documents for my/our account, as they are amended from time to time. The account opening documents include the Deposit Agreement and Disclosures and the Business Schedule of Fees.

Id. at 16.  The Deposit Agreement and Disclosures in effect when Account 5409 was opened

provided, in relevant part:

> **Jurisdiction and Venue**
>
> Any action or proceeding regarding your account or this deposit agreement must be brought in the state in which the banking center that maintains your account is located.  You submit to the personal jurisdiction of that state.

Id. at 43.  The current Deposit Agreement and Disclosures similarly provide:

> **Jurisdiction and Venue**
>
> Any action or proceeding regarding your account or this deposit agreement must be brought in the state in which the financial center that maintains your account is located. You submit to the personal jurisdiction of that state. Note that any action or proceeding will be governed by and interpreted in accordance with the Governing Law section of this agreement. . . .

Id. at 129.

> **Governing Law**
>
> This Agreement, and your and our rights and obligations under this Agreement, are governed by and interpreted according to federal law and the law of the state where your account is located. . . . We ordinarily maintain your account at the financial center where we open your account. However, we may transfer your account to another financial center in the same state or in a different state. If state and federal law are inconsistent, or if state law is preempted by federal law, federal law governs.

Id. at 59-60.

By signing the Business Signature Card, Ayeni assented to its terms.  See Sevier Cnty.

Schs. Fed. Cred. Union v. Branch Banking & Tr. Co., Case No. 3:19-cv-138, 2022 WL 19403610,

at *7 (E.D. Tenn. Sept. 15, 2022) ("By signing . . . each Signature Card Plaintiff manifested an

objective intent, and thus mutually assented, to be bound by the terms therein . . . .").  Plaintiffs do

not allege—and the record does not reflect—any fraud, misrepresentation, or other wrongful act

that would invalidate the forum selection clause to which Ayeni assented when he signed the Business Signature Card. Thus, the fact that he was unaware of the forum selection clause does not excuse Plaintiffs from being bound by its terms. Blackwell Enters., 2013 WL 3771290, at *6.

The Court further rejects Plaintiffs' argument that the forum selection clause is unenforceable because it is contained in a contract of adhesion and, therefore, was not "bargained for." ECF No. 33 at 5. See Carnival Cruise Lines, 499 U.S. at 593-94 (rejecting the court of appeals' conclusion that a forum selection clause is invalid if it was not negotiated). In Carnival Cruise Lines, a woman from Washington purchased a ticket for a seven-day cruise on Carnival Cruise Lines. Id. at 587. The ticket contract incorporated Terms and Conditions that included a forum selection clause identifying the courts of the State of Florida as the exclusive forum for litigation arising from the cruise. Id. at 587-88. During the cruise, the woman was injured on the ship in international waters and later sued Carnival in the United States District Court for the Western District of Washington. Id. at 588. The district court entered summary judgment for Carnival on the grounds that it lacked personal jurisdiction over Carnival. Id. The Ninth Circuit Court of Appeals reversed, finding, in relevant part, that the forum selection clause was unenforceable because (1) it "was not freely bargained for[,]" and (2) the plaintiff was physically and financially unable to litigate her case in Florida, and therefore enforcing the clause would effectively deprive her of her day in court. Id. at 589. The Supreme Court disagreed with both findings and reversed the Ninth Circuit. Id. at 593-94. The Court observed:

> In this context, it would be entirely unreasonable for us to assume that respondents-or any other cruise passenger-would negotiate with petitioner the terms of a forum-selection clause in an ordinary commercial cruise ticket. Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line.

14

Id. at 593.  The Court found that although forum selection clauses in form contracts are subject to judicial scrutiny for fundamental fairness, they are not invalid simply because they were not bargained for.  Id. at 594.  See also Mann v. Auto. Protection Corp., 777 F. Supp. 2d 1234, 1240 (D.N.M. 2011) ("[U]nequal bargaining position and form contracts do not invalidate forum selection provisions.") (citing Carnival Cruise Lines, 499 U.S. at 593-94).  As previously discussed, Plaintiffs do not allege—and the record does not reflect—any fraud, misrepresentation, or other wrongful act that would render the forum selection clause fundamentally unfair.

Finally, Milk N' More, 963 F.2d at 1346, does not suggest that a forum selection clause is obtained through overreaching if it is not explained at the time of execution of the contract, as Plaintiffs argue.  See ECF No. 33 at 7.  As Defendant correctly points out in its Reply, Milk N' More "just restates the appellant's argument and then rejects it for lack of supporting evidence without suggesting the argument would have merit if there were evidence to support it."  ECF No. 35 at 3 n.3.  Plaintiffs have not cited, and the Court has not found, any relevant authority holding that a forum selection clause is obtained through overreaching if it is not explained at the time the contract is executed.

Accordingly, the Court finds that the forum selection clause is not invalid for lack of mutual assent.

## B.  Illusory

Next, Plaintiffs argue that the Deposit Agreement and Disclosures permits Defendant to unilaterally transfer Account 5409 to a banking center in a different state, "undercutting the fundamental premise of predictability in forum selection and allowing one party leverage over the selection process of another."  ECF No. 33 at 8.  They argue that "a promise that 'puts no constraints on what a party may do in the future—in other words, when a promise, in reality,

promises nothing—it is illusory, and it is not consideration.'" ECF No. 33 at 5-6 (quoting Piano, 107 P.3d at 14). They argue that courts refuse to enforce forum selection clauses that contain no ascertainable forum. Id. at 6 (citing Conopco, Inc. v. Pars Ice Cream Co., 13 Civ. 1083 (JSR), 2013 WL 5549614, at *5 (S.D.N.Y. Sept. 26, 2013)); see also id. (arguing that "[i]ndefinite forum selection clauses" are invalid) (citations omitted).

The Court rejects Plaintiffs' argument. To begin with, the forum is ascertainable—it lies in the state in which Account 5409 is maintained. The fact that the forum selection clause is a "floating" forum selection clause, see Section III(b)(1), supra, under which the forum state is subject to change does not render it illusory. See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc., 437 F.3d 606, 612 (7th Cir. 2006) (Posner, J.) (explaining that "naming names" in a forum selection clause "is not the only method of dispelling ambiguity" as to the forum, and in a contract that says "that suit could be brought in New York or Vermont, or in a federal district court in the First Circuit, or in a federal district court in either the First or Second Circuit, or in any state that George W. Bush carried in the 2004 presidential election, the forum selection clause would be valid because it would be clear and specific" even though the party would not have known when he signed the contract precisely where suit would be brought). Floating forum selection clauses are valid and enforceable. See Signature Fin. LLC v. Neighbors Glob. Holdings, LLC, 281 F. Supp. 3d 438, 448 (S.D.N.Y. 2017); Lyon Fin. Servs., 2005 WL 503371, at *4; Liberty Bank, F.S.B. v. Best Litho, Inc., 737 N.W.2d 312, 317 (Iowa 2007); IFC Credit Corp., 881 N.E.2d at 391 (Ill. App. Ct. 2007).

The cases to which Plaintiffs cite are wholly inapposite. One of the cases involved a forum selection clause without any ascertainable forum, see Lopez, 88 So. 3d at 423 (involving forum selection clause providing: "EACH OF THE PARTIES HERETO AGREES THAT ANY SUCH

16

CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY IN SELLER'S COUNTY AND STATE OF CHOICE"); and three of the cases did not contain a forum selection clause at all, see Conopco, 2013 WL 5549614, at *5 (involving a "waiver" clause purporting to waive all jurisdictional and venue defenses); Whirlpool Corp. v. Certain Underwriters at Lloyd's London, 662 N.E.2d 467, 470-71 (Ill. App. Ct. 1996) (finding "service of suit" clause providing that in the event the defendant insurance company failed to pay on a claim, it "will submit to the jurisdiction of any Court of competent jurisdiction within the United States . . . " was not a forum selection clause); Columbia Cas. Co. v. Bristol-Myers Squibb Co., 635 N.Y.2d 173, 176-77 (N.Y. App. Div. 1995) (same).  The fifth case Plaintiffs cite— Appalachian Insurance Co. v. Superior Court, 208 Cal. Rptr. 627 (Cal. Ct. App. 1984)—does not stand for the proposition for which Plaintiffs cite it.  In that case, the California Court of Appeals did not refuse to enforce the "service of suit" clause because it contained no ascertainable forum, but rather because California had no connection to the case—neither party to the lawsuit was a resident of California, and all the events giving rise to the suit occurred in New York.  Appalachian Ins., 208 Cal. Rptr. at 633-34.  As such, it granted the insurance company's motion to dismiss for forum non conveniens.  Id. at 635.

Here, conversely, the forum selection clause identifies an ascertainable forum—i.e., the state in which Account 5409 is maintained—which has a strong connection to the case.

Accordingly, the Court finds that the forum selection clause is not illusory.

### C.  Reasonableness

Next, Plaintiffs argue that the forum selection clause is invalid because it is unreasonable under the circumstances.  ECF No. 33 at 9-12.

First, Plaintiffs argue that the forum selection clause is "unreasonable and unjust" under the circumstances because "Plaintiffs never received or saw any of the cited agreements or their language . . . ." Id. (citing Ayeni Decl., ECF No. 33-1 ¶¶ 18-38).

However, the Court has already rejected this argument in Section III(b)(2)(A), supra. Ayeni signed the Business Signature Card for Account 5409 assenting to the terms of the Deposit Agreement and Disclosures which contain the at-issue forum selection clause. Jordan Decl. ¶ 9; Business Signature Card, ECF No. 27-1 at 16-17. Failure to read a contract does not excuse a party from being bound by its terms and does not impact the enforceability of a forum selection clause. Blackwell Enters., 2013 WL 3771290, at *6; see also In re Int'l Profit Assocs., Inc., 286 S.W.3d at 924 ("[S]imply being unaware of a forum-selection clause does not make it invalid."); Ballard, 868 P.2d at 648 ("[E]ach party to a contract has a duty to read and familiarize himself with the contents of the contract, each party generally is presumed to know the terms of the agreement, and each is ordinarily bound thereby."); Smith, 650 P.2d at 829 ("Generally, a party who executes and enters into a written contract with another is presumed to know the terms of the agreement, and to have agreed to each of its provisions in the absence of fraud, misrepresentation or other wrongful act of the contracting party.").

Second, Plaintiffs argue that enforcing the forum selection clause is unreasonable because Ayeni's domicile is in New Mexico. ECF No. 33 at 9 (citing Ayeni Decl. ¶ 4). They argue that Ayeni "left New Mexico solely for a fellowship in Florida and currently is performing locum tenens work to further his professional credentials as a critical care specialist." Id. at 9-10 (citing Ayeni Decl. ¶ 5.) "He intends to return to the state upon completion of his locum tenens work." Id. at 10 (citing Ayeni Decl. ¶ 4.) They further argue that venue is proper in New Mexico under 28 U.S.C. § 1391(b) "because it is 'a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.'"  Id. (quoting 28 U.S.C. § 1391(b)).

To begin with, Plaintiffs cite no authority supporting the argument that a forum selection clause is unreasonable if the plaintiff is domiciled in a different forum, and the Court doubts any such authority exists.  Regardless, the failure to cite supporting authority is reason enough to reject the argument.  See D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."); Quarrie v. Wells, Civ. No. 17-350 MV/GBW, 2020 WL 2526629, at *4 (D.N.M. May 18, 2020) (denying motion for failure to cite any supporting authority in violation of Local Rule 7.3(a)); JL v. N.M. Dep't of Health, 165 F. Supp. 3d 1048, 1069 (D.N.M. Feb. 24, 2016) (same).  Furthermore, Plaintiffs failed to identify any part of the events or omissions giving rise to this case that occurred in New Mexico—much less a "substantial" part, which is reason enough to reject that argument.  See United States v. Heijnen, 215 F. App'x 725, 726-27 (10th Cir. 2007) (noting that the court "has no responsibility to sift through the record to find support for [appellant's] arguments" and rejecting argument because the "appellant did not provide any citations to the record to support his arguments").  And even if a substantial part of the events or omissions giving rise to the case did occur in New Mexico, it would only support the argument that New Mexico is a proper venue under 28 U.S.C. § 1391, not that a forum selection clause designating a different forum is unreasonable.

Third, Plaintiffs argue that enforcing the forum selection clause is unreasonable because Ayeni is an individual and Defendant is a large national bank.  ECF No. 33 at 10-11.  Again, Plaintiffs cite no authority supporting this argument, which is reason enough to reject it.  See D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."); Quarrie, 2020 WL 2526629, at *4; JL, 165 F. Supp. 3d at 1069.  However,

the Court observes that the Tenth Circuit has suggested that unequal bargaining power may render a forum selection clause unreasonable.  Excell, 106 F.3d at 318.  Specifically, in Excell, the Tenth Circuit rejected the defendant's argument that "it had little time to review the language of the contract before signing it[,]" finding that "there is no evidence of 'overreaching' on the part of [the plaintiff], that [the plaintiff] had unequal bargaining power, or that the forum chosen by the parties 'would be a seriously inconvenient one for the trial of the particular action.'"  Id. (quoting ABC Mobile Sys., Inc. v. Harvey, 701 P.2d 137, 139 (Colo. App. 1985) (quoting Restatement (Second) of Conflict of Laws § 80 cmt. a (1971))).  Crucially, the Restatement comment to which the court cited states, in relevant part, that a forum selection clause "will be disregarded if it is the result of . . . the unfair use of unequal bargaining power . . . ."  Restatement (Second) of Conflict of Laws § 80 cmt. a (1971) (emphasis added).  The Court is not persuaded that simply including a forum selection clause in a form contract qualifies as the unfair use of unequal bargaining power.  See Carnival Cruise Lines, 499 U.S. at 593-94 (rejecting the Ninth Circuit's holding that a forum selection clause is unenforceable simply because it is not bargained for, and finding that a forum selection clause in an unbargained-for contract of adhesion drafted entirely by a large corporation was enforceable against an individual).  To endorse Plaintiffs' argument would be to find that a forum selection clause in a contract between a corporation and an individual is always unreasonable.  The Court has not discovered any authority for such a proposition.

Fourth, Plaintiffs argue that enforcing the forum selection clause is unreasonable because it would "foreclose the remedies available under" New Mexico's Unfair Trade Practices Act which, according to Plaintiffs, is more favorable than Texas's consumer protection statutes.  ECF No. 33 at 11-12.  However, the Governing Law section of the Deposit Agreement and Disclosures states that "your and our rights and obligations under this Agreement, are governed by and

interpreted according to federal law and the law of the state where your account is located." ECF No. 27-1 at 59-60. Plaintiffs assented to this term by virtue of Ayeni signing the Business Signature Card, and they do not challenge its validity. Thus, regardless of where this case is litigated, federal law and Texas law will govern.

For all these reasons, the Court finds that the forum selection clause is reasonable.

Consequently, the Court finds that the forum selection clause is valid. As such, Plaintiffs' "choice of forum merits no weight[,]" Atl. Marine, 571 U.S. at 63, and the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum[,]" id. at 64. The Court will consider the Parties' arguments regarding the public interest factors below. See id. (stating that when there is a valid forum selection clause, "a district court may consider arguments about public-interest factors only").

### 3. The public interest factors weigh in favor of litigating in Texas

The public interest factors the Court may consider include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 571 U.S. at 62 n.6.

Defendant initially argues that the Federal Judicial Center's statistics "show that if there is any administrative difficulty flowing from court congestion, it is no more severe in the Southern District of Texas than in this District." ECF No. 27 at 14. Specifically:

> The Southern District of Texas has 19 authorized judicial positions, and in the year ending March 30, 2022, it handled 5902 new civil cases, terminated 6,309 cases, and had 5,260 pending—or 277 pending civil cases per authorized judge. By contrast, this District has 6 authorized full-time judicial positions and 1 temporary post, and during the same year, it handled 1187 new civil cases, terminated 1,264 cases, and had 1,344 pending—or 192 pending civil cases per authorized judge. Of more pertinence than the relatively small difference in cases per judge is median

21

time to disposition which was 8.6 months in the Southern District of Texas as
opposed to 10.6 months in this District.

Id.  Defendant further argues that "this case has little relationship to New Mexico, so there is no

local interest in this case warranting decision of the case in this District." Id. at 15.  For example,

Plaintiffs are not currently residents of New Mexico (and neither are Defendants), and the

transactions at issue occurred in bank accounts maintained in Texas.  Id.  It further argues that the

interest in having the trial of a diversity case in a forum at home with the law weighs in favor of

transfer because "the Deposit Agreement contains a choice-of-law clause selecting the law of the

state where the financial center maintaining the account is located. That state is Texas." Id.

Plaintiffs argue that it is irrelevant that the "median time to disposition" is two months

shorter in the Southern District of Texas because the filing of the instant Motion will delay the

case by three months, ECF No. 33 at 13; and Defendant "seeks a war of attrition" by requiring

Plaintiffs to "start over" in Texas, id.

The Court agrees with Defendant that the public interest factors favor litigating this case

in Texas.  For reasons explained in the next subsection, the Court finds that the forum selection

clause permits litigation in federal court, and therefore the Southern District of Texas would

become the transfer venue.  See Section III(b)(4), infra.  The Federal Judiciary Center's statistics

demonstrate that the Southern District of Texas and the District of New Mexico are comparably

congested (from the standpoint of pending cases per authorized judgeship),[3] but that the Southern

---

[3]     See Federal Judicial Caseload Statistics, Table C-1, U.S. District Courts—Civil Cases Commenced,
Terminated, and Pending During the 12-Month Period Ending March 31, 2022, available at
https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2022/03/31 (last visited Jan. 2,
2024); U.S. District Courts, Additional Authorized Judgeships, available at https://www.uscourts.gov/judges-
judgeships/authorized-judgeships (last visited Jan. 2, 2024).

District of Texas generally disposes of cases more quickly than the District of New Mexico.[4]  More fundamentally, this case appears to have <u>no</u> connection to New Mexico, and therefore the local interest in having localized controversies decided at home weighs in favor of transfer to the Southern District of Texas, where Account 5409 is maintained.  The fact that Ayeni owns a home in New Mexico is irrelevant to this controversy.  Finally, the interest in having the trial of a diversity case in a forum that is at home with the law weighs in favor of transfer because the Deposit Agreement and Disclosures has a choice of law provision stating that "This Agreement, and your and our rights and obligations under this Agreement, are governed by and interpreted according to federal law and the law of the state where your account is located."  ECF No. 27-1 at 59.  That state is Texas.  Jordan Decl. ¶ 10.

    For these reasons, the Court finds that the public interest factors weigh in favor of litigating this case in Texas.

### 4.  This case should be transferred pursuant to Section 1404(a)

    Having determined that the forum selection clause is valid and that the public interest factors weigh in favor of litigating this case in Texas, the Court must determine whether the case should be dismissed for <u>forum non conveniens</u> or transferred under 28 U.S.C. § 1404(a).  That question is answered by whether the forum selection clause requires litigation in a Texas state court, or whether it permits litigation in a federal court in Texas.  See <u>Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC</u>, 953 F.3d 660, 668 (10th Cir. 2020) ("[F]ederal courts give effect to these provisions through a transfer of venue (when the provision points to a different federal forum) or

---

[4]    <u>See</u> Federal Judicial Caseload Statistics, Table C-5, U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2022, <u>available at</u> https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2022/03/31 (last visited Dec. 20, 2023).

dismissal without prejudice under the doctrine of <u>forum non conveniens</u> (when the provision identifies a state or foreign forum.") (citing <u>Atl. Marine</u>, 571 U.S. at 59-60).

Here, the forum selection clause does not specify that the action must be brought in either a state or federal court, just that it "must be brought in the state in which the financial center that maintains your account is located."  ECF No. 27-1 at 129.  The Ninth Circuit has stated that "the phrase 'courts in' a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state."  <u>Simonoff v. Expedia, Inc.</u>, 643 F.3d 1202, 1206 (9th Cir. 2011) (citing <u>Doe 1 v. AOL LLC</u>, 552 F.3d 1077, 1082 n.8 (9th Cir. 2009)).  The Court agrees and finds that the at-issue forum selection clause permits litigation in the federal courts in the state in which the financial center that maintains Account 5409 is located.  Accordingly, the Court will transfer this action to the United States District Court for the Southern District of Texas, which encompasses Houston, Texas, where Ayeni opened Account 5409 and where the financial center that maintains Account 5409 is located.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Bank of America, N.A.'s Motion to Dismiss for Forum Non Conveniens or Transfer Venue Under 28 U.S.C. § 1404(a) is **GRANTED IN PART** consistent with this Order;

2. This case is **TRANSFERRED** to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a); and

3. The Clerk of Court shall take the steps necessary to effectuate the transfer.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

24